**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

RICHARD E. CHELTEN and
LINDA J. CHELTEN,

      Plaintiffs,                             Case No. 11-12369

v.                                        Hon. Gerald E. Rosen

WELLS FARGO BANK, N.A. and
PRIVATE BANK MORTGAGE COMPANY,

      Defendants.
_____/

**OPINION AND ORDER GRANTING**
**PLAINTIFFS' MOTION FOR REMAND (DKT #8)**

At a session of said Court, held in
the U.S. Courthouse, Detroit, Michigan
on      August 23, 2011

PRESENT:  Honorable Gerald E. Rosen
                       Chief Judge, United States District Court

## I. INTRODUCTION

On May 16, 2011, Plaintiffs Richard E. and Linda J. Chelten commenced this suit

in state court, asserting a single claim arising under federal law and four state-law claims

in which they challenge the efforts of Defendants Wells Fargo Bank, N.A. and Private

Bank Mortgage Company to pursue foreclosure proceedings against Plaintiffs' residential

property. Defendants removed the action to this Court on May 31, 2011, citing Plaintiffs'

assertion of a claim arising under a federal statute, the Real Estate Settlement Procedures

Act ("RESPA"), 12 U.S.C. § 2601 *et seq.* *See* 28 U.S.C. §§ 1441(a), 1331.

Through the present motion filed on July 2, 2011, Plaintiffs now seek remand of this case to state court, citing their intention to dismiss the federal RESPA claim that gave rise to Defendants' right of removal. Defendants have filed a response in opposition to this motion, observing that this case was properly removed on the basis of a federal claim expressly asserted in Plaintiffs' original complaint, and arguing that Plaintiffs' present effort to dismiss this federal claim is a "manipulative tactic" designed to return Plaintiffs to their preferred state-court forum.

Having reviewed the parties' briefs in support of and opposition to Plaintiffs' motion, as well as the remainder of the record, the Court finds that the relevant facts, allegations, and legal arguments are adequately presented in these written submissions, and that oral argument would not aid the decisional process. Accordingly, the Court will decide Plaintiffs' motion "on the briefs." *See* Local Rule 7.1(f)(2), U.S. District Court, Eastern District of Michigan. For the reasons stated below, the Court finds that Plaintiffs' motion should be granted, and this case remanded to state court for resolution of Plaintiffs' remaining state-law claims.

## II. <u>ANALYSIS</u>

As the Sixth Circuit has explained, "[t]he existence of subject matter jurisdiction is determined by examining the complaint as it existed at the time of removal." *Harper v. AutoAlliance International, Inc.,* 392 F.3d 195, 210 (6th Cir. 2004). In this case, then, the presence of a federal claim in Plaintiffs' initial complaint supported Defendants'

removal of this case to this Court — as well as this Court's exercise of subject matter jurisdiction following this removal — and the dismissal of this claim would not divest the Court of subject matter jurisdiction over Plaintiffs' remaining state-law claims.  *See Carlsbad Technology, Inc. v. HIF Bio, Inc.,* 129 S. Ct. 1862, 1866-67 (2009).[1]  Rather, upon Plaintiffs' election to dismiss this federal claim, it is left to this Court's discretion whether to exercise supplemental jurisdiction over Plaintiffs' state-law claims, or whether to instead decline to exercise this jurisdiction and remand this case to state court.  *See* 28 U.S.C. § 1367(c)(3); *see also Carlsbad Technology,* 129 S. Ct. at 1866-67; *Harper,* 392 F.3d at 211.

The Sixth Circuit has identified a number of factors to consider in making this discretionary decision.  First, "[a] district court should consider the interests of judicial economy and the avoidance of multiplicity of litigation and balance those interests against needlessly deciding state law issues."  *Harper,* 392 F.3d at 211 (internal quotation marks and citations omitted).  This Court "also may consider whether the plaintiff has used manipulative tactics to defeat removal and secure a state forum, such as simply by deleting all federal-law claims from the complaint and requesting that the district court remand the case."  392 F.3d at 211 (internal quotation marks and citation omitted).  More generally, the Sixth Circuit has stated as a "rule of thumb" that "[w]hen all federal claims

---

[1]Thus, as Defendants point out, Plaintiffs are incorrect in their assertion that the dismissal of their federal RESPA claim "would eliminate subject-matter jurisdiction in this court." (Plaintiffs' Motion, Br. in Support at 1.)

are dismissed before trial, the balance of considerations usually will point to dismissing the state law claims, or remanding them to state court if the action was removed." *Musson Theatrical, Inc. v. Federal Express Corp.,* 89 F.3d 1244, 1254-55 (6th Cir. 1996).

Applying these factors here, the Court finds that the Sixth Circuit's "rule of thumb" should govern, and that this case should be remanded to state court upon Plaintiffs' dismissal of their sole federal claim.  First, Plaintiffs acted relatively quickly to seek the dismissal of their federal RESPA claim and the remand of this action, filing the present motion just over a month after removal, and just a few days after they secured substitute counsel in accordance with the Court's June 13, 2011 order.  During the brief time this case has been pending before the Court, there has been no Rule 16 scheduling conference, nor has the Court had any occasion to conduct any proceedings or issue any rulings (apart from the present decision, of course).[2]  Thus, the interests of judicial economy would not be served by the Court exercising supplemental jurisdiction over Plaintiffs' state-law claims.  *See Gamel v. City of Cincinnati,* 625 F.3d 949, 952-53 (6th Cir. 2010) (affirming a district court's decision to remand a case to state court after the plaintiffs had voluntarily dismissed all of their federal claims, where this dismissal occurred within a few days after removal, and there had been no discovery or filing of

---

[2]Against this procedural backdrop, the Court is at a loss as to how Defendants can tenably assert that "[t]his Court is now familiar with Plaintiffs' claims."  (Defendants' Response Br. at 8.)

4

dispositive motions).  Rather, this exercise of jurisdiction instead would result in needless federal court rulings on exclusively state-law issues.

Against these factors favoring remand, Defendants suggest that Plaintiffs have employed "manipulative tactics" to defeat removal.  Yet, the Court views the record on this issue as decidedly more mixed.  To be sure, Plaintiffs' decision to dismiss their federal RESPA claim is presumably motivated in part by a desire to return to a preferred state court forum.  Beyond this, however, Plaintiffs point to the fact that their preferred counsel, Robert L. Wiggins, is currently suspended from the practice of law in this District, and they state without contradiction that their present motion is grounded in a desire to be represented by the attorney they originally chose prior to removal — a result that is only achievable if this case is remanded to state court.

In any event, even assuming the Court shared Defendants' suspicions as to the motives lurking behind Plaintiffs' present motion, this alone would not suffice to override the Sixth Circuit's "rule of thumb" and tip the balance in favor of the exercise of supplemental jurisdiction here.  In *Gamel,* 625 F.3d at 953, the district court determined that the plaintiffs had engaged in "forum manipulation," but "decided that this factor alone was not sufficient to warrant retaining jurisdiction over the state-law claims."  The Sixth Circuit affirmed this ruling, holding that the court below had "properly considered the relevant . . . factors in deciding not to exercise supplemental jurisdiction over the [plaintiffs'] state-law claims."  *Gamel,* 625 F.3d at 953.  In *Harper,* 392 F.3d at 211, in

5

contrast, a finding of forum manipulation was coupled with several other factors that favored the exercise of supplemental jurisdiction:  namely, the case "had been on the district court's docket for a substantial amount of time (11 months); the parties had completed discovery; [the plaintiff] did not abandon his federal claim until he filed his amended complaint [following the district court's denial of the plaintiff's first motion for remand]; and Defendants' summary judgment motions were ripe for decision."

Plainly, the facts and circumstances here are far more similar to those in *Gamel* than those in *Harper.*  Because this case is in its very early stages, with the Court not having yet issued any substantive rulings or gained any particular familiarity with Plaintiffs' claims, and because the record of forum manipulation is mixed at best, the Court readily concludes that it should decline to exercise supplemental jurisdiction over Plaintiffs' state-law claims, and that this case should instead be remanded to state court upon the dismissal of Plaintiffs' sole federal claim.

6

### III.  <u>CONCLUSION</u>

For the reasons set forth above,

NOW, THEREFORE, IT IS HEREBY ORDERED that Plaintiffs' July 2, 2011

motion to dismiss their federal RESPA claim and remand this case to state court (docket

#8) is GRANTED.


s/Gerald E. Rosen_____
Chief Judge, United States District Court

Dated:  August 23, 2011

I hereby certify that a copy of the foregoing document was served upon counsel of record
on August 23, 2011, by electronic and/or ordinary mail.

s/Ruth A. Gunther_____
Case Manager
